**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ANTHONY HUGHES,

    Plaintiff,

                v.

TRUIST BANK, INC.; HARTFORD LIFE
AND ACCIDENT INSURANCE CO.; and
THE HARTFORD INSURANCE GROUP,
INC.,

    Defendants.

Civil Action No.
1:25-cv-04667-SDG

## OPINION AND ORDER

This matter is before the Court on Defendant Truist Bank, Inc.'s (Truist) Motion to Transfer or, in the alternative, Dismiss [ECF 14]. This case centers around an ERISA benefits dispute. Importantly, the benefits plan at issue contains a forum-selection clause mandating suit in the Western District of North Carolina. Having reviewed the parties' briefing, the Court concludes that this case should be transferred. Because transfer is appropriate, the Court declines to rule on a motion to dismiss filed by Defendants Hartford Life and Accident Insurance Company (Hartford) and The Hartford Insurance Group, Inc. (HIG) [ECF 16].

1

## I.    BACKGROUND

The following facts are accepted as true for purposes of this motion.[1] Plaintiff Anthony Hughes was employed by Truist and was a participant in its Employee Benefit Plan (Plan), which is subject to the Employee Retirement Income Security Act of 1974 (ERISA).[2] The Plan included an Accidental Death and Dismemberment (AD&D) policy, which was provided by Hartford and HIG.[3]

The Summary Plan Description (SPD) summarizes the Plan's provisions, including a Plan participant's options for the election of coverage under the AD&D policy.[4] Hughes elected the maximum AD&D coverage in the amount of ten times his annual salary ($83,000), or $830,000 (the Principal Sum).[5] Following the death of his wife in May 2024, he submitted an AD&D claim for the entire Principal Sum.[6] However, he received only half of it, or $415,000.[7]

---

[1]    *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").

[2]    ECF 1, ¶ 8.

[3]    *Id.* ¶¶ 8, 10; *see also* ECF 14-2, at 57–78 (describing the AD&D policy).

[4]    ECF 14-2.

[5]    ECF 1, ¶ 11.

[6]    *Id.* ¶¶ 16–17.

[7]    *Id.* ¶ 18. Hughes unsuccessfully appealed the coverage decision through an internal administrative process. *Id.* ¶¶ 19–20.

Accordingly, Hughes filed this action against Truist, Hartford, and HIG.[8] Truist moves to transfer to the Western District of North Carolina under 28 U.S.C. § 1404(a) and pursuant to the SPD's forum-selection clause,[9] which states that "any legal action related to this Plan shall be brought only in the United States District Court for the Western District of North Carolina and of any court situated in Charlotte, North Carolina."[10] In response, Hughes agrees that transfer is appropriate.[11] Hartford and HIG, for their part, oppose transfer.[12]

## II.   DISCUSSION

### A.   Truist's Section 1404(a) Motion to Transfer

"Forum selection clauses in contracts are enforceable in federal courts." *P & S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) (citing *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15 (1972)). "The burden is on the party opposing the enforcement of the forum selection clause to show that the contractual forum is sufficiently inconvenient to justify retention of the dispute."

---

8   ECF 1.

9   ECF 14.

10   ECF 14-2, at 9. The forum-selection clause is part of the SPD's "Governing Law and Venue" provision, which also states: "This Plan is governed by and will be construed in accordance with ERISA, and to the extent not preempted by ERISA, by the laws of the state of North Carolina, without regard for any choice of law principles thereof." *Id.*

11   ECF 19, at 2. Hughes, however, contests dismissal. ECF 18.

12   ECF 20, at 14–15.

*Id.* (citing *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989)). Here, Hughes does not oppose enforcement of the SPD's forum-selection clause. Accordingly, Hughe's claims against Truist should be transferred to the Western District of North Carolina under 28 U.S.C. § 1404(a). *See Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 52 (2013) ("[A] forum-selection clause may be enforced by a motion to transfer under § 1404(a) [ ] which provides that '[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.'").

### B.    The SPD's forum-selection clause is enforceable against all parties.

Enforcement of the forum-selection clause against Truist leaves open the question of how to handle Hughes's claims against Hartford and HIG. These two Defendants oppose transfer largely on the grounds that they are non-signatories to the SPD.[13] Generally, a contractual forum-selection clause can be enforced only

---

13    ECF 19, at 14–15. Hartford and HIG also oppose transfer on the ground that their 12(b)(6) motion should be granted, as it would alleviate the need to determine whether to transfer the claims against them. *Id.* However, whether to first resolve a 12(b)(6) motion or a motion to transfer under 28 U.S.C. § 1404(a) is within the Court's discretion. *See generally Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)) ("A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'").

by or against a party to the agreement. *Elite Storage Sols., LLC v. Sig Sys, Inc.*, 2020 WL 10056403, at *3 (N.D. Ga. Mar. 20, 2020). However, an exception to this general rule, referred to as the "closely related doctrine," has been recognized by federal courts, including the Eleventh Circuit.[14] *See Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1299 (11th Cir. 1998); *see also AmNet ESOP Corp. v. CrossCountry Mortg., Inc.*, 2024 WL 3635541, at *7 (N.D. Ga. May 31, 2024) (citing *M3 USA Corp. v. Qamoum*, 2021 WL 2324753, at *11 (D.D.C. June 7, 2021) (collecting cases)).

Pursuant to this exception, "[i]n order to bind a non-party to a forum selection clause, the party must be closely related to the dispute such that it becomes foreseeable that it will be bound." *Lipcon*, 148 F.3d at 1299 (quoting *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993)). As such, the Court must determine whether (1) Hartford and HIG are "closely related" to this dispute; and (2) whether it was "foreseeable" to Hartford and HIG that they would be bound

---

[14] Notably, the "closely related doctrine" most often arises when a plaintiff opposes transfer. *See, e.g., AmNet*, 2024 WL 3635541, at *2 (N.D. Ga. May 31, 2024); *Lipcon v. Underwriters at Lloyd's*, 148 F.3d 1285, 1299 (11th Cir. 1998); *McNair v. Monsanto Co.*, 279 F. Supp. 2d 1290, 1295–96 (M.D. Ga. 2003). Here, Hughes consents to transfer and requests that the Court transfer "this action." ECF 19, at 2. Though plaintiffs have the initial choice of forum when filing a complaint, plaintiffs are not prohibited from later moving to transfer an action. 28 U.S.C. § 1404(a). *See generally Ferens v. John Deere Co.*, 494 U.S. 516, 521–22 (1990) (discussing transfer motions brought by plaintiffs).

by the SPD's forum-selection clause. *AmNet*, 2024 WL 3635541, at *6 (N.D. Ga. May 31, 2024) (citation omitted).

Courts have held non-signatories to be "closely related" to a dispute and enforced forum-selection clauses against such parties in several situations. Examples include "where (1) non-signatory corporations are wholly owned and controlled by a signatory; (2) the non-signatory is a third-party beneficiary to the forum-selection clause; [or] (3) the non-signatory's interest in the dispute is derivative of or related to a signatory's interest in the dispute." *Id.* (citing *Randstad Gen. Partner (US), LLC v. Beacon Hill Staffing Grp. LLC*, 2019 WL 12521399, at *9 (N.D. Ga. Nov. 18, 2019)).

Here, all three Defendants have a clear shared interest in the present dispute: avoiding the payment of the additional $415,000 in AD&D benefits demanded by Hughes. Hartford and HIG's interests are sufficiently derivative of Truist's interest. Put differently, Hughes's claims against Hartford and HIG are derivative of those against Truist. After all, had Truist not contracted with Hartford and HIG to issue the AD&D policy under the Plan, Hartford and HIG would not have any connection to Hughes's dispute with Truist. *Cf. id.* at *7 (considering claims against a new employer, who was a non-signatory to a forum-selection clause, to be derivative of claims brought by a former employer against an employee who violated a non-compete agreement with a forum-selection

6

clause). Therefore, the Court concludes that Hartford and HIG are closely related for the purposes of enforcing the forum-selection clause against them.

The second inquiry under the "closely related" doctrine asks whether it was foreseeable to the non-signatory that it would be bound by the forum-selection clause found in the agreement to which it is not a party. *Id.* (citation omitted) ("Even where parties are closely related, it must still be foreseeable to the non-signatory that it could be brought into the forum."). Here, it was foreseeable that Hartford and HIG would likely be so bound. The SPD explicitly states that it partly consists of the Certificate of Insurance issued by Hartford and HIG.[15] The SPD provides that the benefits under the Plan, which include the AD&D coverage described in the Certificate, are issued by Hartford and HIG,[16] and both Hartford's Secretary and its President signed the AD&D Certificate.[17] Because the Certificate is itself a substantial part of the SPD (and by extension the Plan), which is governed by the forum-selection clause, and because Hartford representatives signed the Certificate, it was "foreseeable" to both Hartford and HIG that they would be bound by the SPD's forum-selection clause — at the very least as to disputes related to the AD&D coverage. Hughes's Complaint further asserts that the claims against

---

[15]   ECF 14-2, at 3.

[16]   *Id.*

[17]   *Id.* at 57.

7

Truist, Hartford, and HIG are "inextricably intertwined . . . as evidenced by the allegations . . . which link all Defendants together."[18] *McNair v. Monsanto Co.*, 279 F. Supp. 2d 1290, 1306 (M.D. Ga. 2003). The Court finds that the foreseeability requirement under the "closely related" doctrine is satisfied.

Accordingly, all three Defendants—Truist, Hartford, and HIG—are closely related, such that the SPD's forum-selection clause can be enforced against the non-signatories and this action should be transferred in full. The "interest of justice" is better advanced by transferring all claims, rather than by dividing them between two district courts. *See* 28 U.S.C. § 1404(a); *Combs v. Fla. Dep't of Corr.*, 461 F. Supp. 3d 1203, 1215 (N.D. Fla. 2020) (considering expediency, efficiency, and judicial economy as relevant to the transfer decision); *Huntley v. Chicago Bd. of Options Exch.*, 132 F. Supp. 3d 1370, 1372, 1376 (N.D. Ga. 2015) (discussing efficiency).

## III.   CONCLUSION

Truist's Motion to Transfer or, in the alternative, Dismiss this case under 28 U.S.C. § 1404(a) [ECF 14] is **GRANTED** as to the Motion to Transfer, and **DENIED without prejudice** as to its alternative request for dismissal. The Court declines to rule on Hartford and HIG's Motion to Dismiss [ECF 16], which remains pending.

---

[18]   *See* ECF 1, ¶¶ 18, 20, 23, 26.

8

Hughes's Motion for Oral Argument on Truist's Motion [ECF 26] is **DENIED as moot**.

The Clerk is **DIRECTED** to transfer this action to the United States District Court for the Western District of North Carolina.

**SO ORDERED** this 26th day of June, 2026.

_____
Steven D. Grimberg
United States District Judge